UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

CHESTER JAMES RUNIONS,          )  CASE NO. CV 14-1523-DDP(PJW)
                                )
          Plaintiff,            )  ORDER DISMISSING ACTION WITHOUT
                                )  PREJUDICE FOR FAILURE TO
     v.                         )  PROSECUTE
                                )
DR. SOHI, et al.,               )
                                )
          Defendants.           )
_____)
```

In July 2014, Plaintiff Chester James Runions, a prisoner at the California Rehabilitation Center in Norco California, filed this civil rights action against Defendants Sohi and Lee, two doctors at the prison. He alleged that they violated his civil rights when they replaced his pain medication, morphine sulphate, with a new one called Lyrica.

In September 2014, the Court dismissed the Complaint at the screening stage on the ground that Plaintiff had not stated a cognizable claim against Defendants because his claim was centered on a difference of opinion as to what the appropriate pain medication should be. The Court did, however, grant Plaintiff an opportunity to file a First Amended Complaint no later than October 3, 2014, to attempt to restate his claim. Plaintiff failed to do so.

1    On October 28, 2014, the Court ordered Plaintiff to show cause by November 19, 2014, as to why the case should not be dismissed for failure to prosecute. Plaintiff did not respond to that order, either. In fact, he has not filed anything since August 2014.

It is well established that a district court has the authority to dismiss an action for failure to prosecute and/or for failure to comply with court orders. Fed. R. Civ. P 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (district court has authority to dismiss case for lack of prosecution in order to prevent undue delays in disposition of pending cases and to avoid congestion in court's calendar); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district courts have authority to dismiss for failure to comply with an order of the court). The Court considers five factors in evaluating whether dismissal is appropriate: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ferdik*, 963 F.2d at 1260-61.

In this case, both the public's interest in the expeditious resolution of cases and the Court's need to manage its docket weigh strongly in favor of dismissal. It appears that Plaintiff is no longer interested in pursuing this action and has not filed anything since August 2014, despite the Court's orders to do so and subsequent promptings when he failed. As a result, the case has come to a complete standstill.

As for the third factor, prejudice to Defendants, this, too, weighs in favor of dismissal. Although Defendants have not yet been

served in this action--because there is no operative complaint--as time goes by, witnesses' memories will likely begin to fade and Defendants may suffer prejudice as a result.

Although the fourth factor--the public policy favoring deciding cases on their merits--generally weighs against dismissal, it is Plaintiff's responsibility to move the case forward at a reasonable pace. *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). It has been more than three months since the Court ordered Plaintiff to file an amended complaint and he has ignored that order.  Further, it does not appear that Plaintiff can raise a cognizable claim against Defendant doctors because the gravamen of his complaint is that the doctors should not have changed his pain medication, which, generally speaking, is not a valid basis for a prisoner civil rights suit. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to [the prisoner's] serious medical needs.").  For these reasons, the Court finds that the public policy favoring resolution on the merits must cede to the other important factors addressed herein.

As for the fifth factor--the availability of less drastic alternatives--the Court is unable to impose a lesser sanction here. Monetary sanctions are unavailable because Plaintiff is indigent, as evidenced by the fact that he is proceeding *in forma pauperis*. Moreover, his refusal to comply with orders of the Court suggests that nothing the Court can do or say will compel him to act.

1     For all these reasons, the action is dismissed without prejudice
2 for failure to prosecute.  *See Link*, 370 U.S. at 629-30.
3     IT IS SO ORDERED.
4
5     DATED: December 19, 2014
6
7                                         DEAN D. PREGERSON
                                          UNITED STATES DISTRICT JUDGE

22 Presented by:
23
24 PATRICK J. WALSH
   UNITED STATES MAGISTRATE JUDGE

28 C:\Users\jyerke\AppData\Local\Temp\notesC7A056\Ord_dismiss.failure.prosecute.wpd

4